UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____________________________________X

DANIELLE BITON,

Plaintiff,

-against-

STATE OF NEW YORK OFFICE OF GENERAL ATTORNEY ANDREW M. CUOMO; DEPARTMENT OF STATE OF CORPORATION; DEPARTMENT OF TAXATION OF STATE OF NEW YORK AT HARRIMAN HALL; DEPARTMENT OF FINANCE; DEPARTMENT OF BUILDINGS; NEW YORK CITY DEPARTMENT OF CORPORATIONS; NEW YORK CITY OFFICE OF THE COMPTROLLER; DEPARTMENT OF SANITATION; MTA/NEW YORK CITY TRANSIT AUTHORITY; RYAN NENA HEALTH SERVICES; BLUE CROSS/BLUE SHIELD OF ILLINOIS; FORMER SENATOR OF NEW YORK NOW SECRETARY OF STATE HILLARY RODHAM CLINTON; NEW YORK HOUSE OF LEGISLATION; SIGNATURE BANK; EASTBANK; HSBC; UAL INC PARENT COMPANY OF UNITED AIRLINES; SECURITIES AND EXCHANGE COMMISSION; FIDELITY TITLE INSURANCE; STATE FARM INSURANCE; ALLSTATE INSURANCE; FIDELITY TRUST; VANGUARD MUTUAL INSURANCE TITLE; CHICAGO LIFE INSURANCE; NEW HAMPSHIRE LIFE INSURANCE; AFL/CIO; RG BRENNER TAX PREPARER; H&R BLOCK; AMEENA MEIR; CHARLES HARRIS; ELIZABETH HARRIS; MARTIN SHAW; WILMER HILL

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
09-CV-02831 (CBA)

GRIER; MATTHEW ABOULAFIA; MICHAEL BERMAN; MARK CHAPMAN FRAMK COMPOSTO; AMY WILLMAN; BRYAN KISHNER; SID MILLER; HAVE GROUP; REPUBLIC OF CHINA; HOUSE OF COMMONS; SOLICITOR CRYIL DENNEMONT; DARLINGTONS; BARRISTER HARRIS; INTERNAL REVENUE SERVICE; AIG; NEW YORK STATE DEPARTMENT OF INSURANCE FRAUD,

Defendants.

---------------------------------------------X

**AMON, United States District Judge:**

On June 26, 2009, plaintiff filed this *in forma pauperis* action *pro se* seeking damages of "over two hundred thousand dollars." Compl. at 3. By Order dated August 21, 2009, the Court granted plaintiff thirty days to amend her complaint to set forth a basis for the exercise of this Court's subject matter jurisdiction and to satisfy the minimal filing requirements of Fed. R. Civ. P. 8, providing the defendants with notice of the claims against them and a short, plain statement of the relevant facts supporting each claim against each defendant. Plaintiff submitted a timely Amended Complaint which has its own set of deficiencies. For the reasons set forth below, plaintiff is granted a second leave to amend her complaint.

**I. Background**

After a complete and liberal reading of plaintiff's initial complaint, *see Sharpe v. Conole*, 386 F.3d 482, 484 (2d Cir. 2004) ("[W]e construe [a *pro se* complaint] broadly and interpret it to raise the strongest arguments it suggests."), the Court was left with no understanding of her claim against any of the defendants named in the initial complaint. Nor was there a basis for subject matter jurisdiction. Since plaintiff is proceeding *pro se*, she was afforded thirty days to amend

her complaint to provide a basis for this Court's subject matter jurisdiction and to provide notice of the claims she is pursuing, satisfying Fed. R. Civ. P. 8.

In her amended complaint, submitted September 11, 2009, plaintiff names nearly fifty new defendants including *inter alia*, Secretary of State Hillary Clinton, the Republic of China, the Internal Revenue Service, the Securities and Exchange Commission, and a collection of insurance companies, banks, departments of New York City and New York State, but she does not provide addresses for any defendants. Nor does plaintiff make any allegations against the old or the new defendants-they are simply listed in the caption. Plaintiff states that she wants her "rights and property be restored before the United States Government and the British Government." Am. Compl. ¶ 4. Plaintiff's claim in her amended complaint is that the Privacy Act, 5 U.S.C. § 552a, was violated. The entirety of her factual allegations is as follows:

> While I went to work for UAL INC., I never gave the right to the labour union known as AFL-CIO/AFA to invade, trespass, or to invade my personal and commercial property, nor to strip me of my rights before the Justice Department. I never agreed to join the labour union, but was threatened and blackmailed and harmed severally by union members who have made false and seditious crimes against my person. Insurance fraud, mortgage fraud, and social security theft was done illegally thru my job as flight attendant; reporting of false taxes.

*Id.* ¶ 3. There are no other facts in either the complaint or the amended complaint.

## II. Subject Matter Jurisdiction

### A. Diversity Jurisdiction

In her amended complaint, plaintiff reiterates the assertion from her initial complaint that this Court has diversity jurisdiction "for the fact that defendants are from different states, the different country of the United Kingdom, Great Britain, [and] the amount exceeds over two hundred thousand dollars." *Id.* ¶ 3. Defendant adds dozens of new defendants but fails to provide

addresses for them. Nevertheless, as stated in the previous order, diversity jurisdiction does not exist because the parties are not *completely* diverse since she and at least one defendant reside in the same state, New York. 28 U.S.C. § 1332(a)(1); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 & n.3 (1996) (Under the "complete diversity" rule, diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."); *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

B. Federal Question Jurisdiction

It appears however that the Court has subject matter pursuant to its federal question jurisdiction, 28 U.S.C. § 1331, to address plaintiff's Privacy Act claim. 5 U.S.C. § 552a(g)(1)(D) (creating a private right of action for violations of the Privacy Act); *Burch v. Pioneer Credit Recovery*, 551 F.3d 122, 124 (2d Cir. 2008).

**III. The Privacy Act**

A. Background

"Congress enacted the Privacy Act 'to provide certain safeguards for an individual against an invasion of personal privacy, by requiring governmental agencies to maintain accurate records and providing individuals with more control over the gathering, dissemination, and accuracy of agency information about themselves.'" *Bechhoefer v. U.S. Dep't of Justice Drug Enforcement Admin.*, 209 F.3d 57, 59 (2d Cir. 2000) (quoting *Devine v. United States*, 202 F.3d 547, 550 (2d Cir. 2000) (internal quotations omitted)). "The Privacy Act of 1974 generally restricts or prohibits the disclosure of information in records maintained by federal agencies, 'except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains... .'" *Roberts v. U.S. Dep't of Transp.*, No. 02 Civ. 4414 (CBA), 2006 WL 842401, at *5

(E.D.N.Y. Mar. 28, 2006) (citing 5 U.S.C. § 552a(b)). Subject to twelve statutory exceptions to this prohibition on disclosure enumerated in 5 U.S.C. § 552a(b), the Privacy Act provides that:

> No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains.

5 U.S.C. § 552a(b).

B. Elements of a Privacy Act Violation

The Privacy Act provides that "[w]henever any agency" fails to comply with any provision of the statute, "the individual may bring a civil action against the agency." 5 U.S.C. § 552a(g)(1)(D)(emphasis added). The Second Circuit has held that the "private right of civil action created by the Privacy Act is specifically limited to actions against agencies of the United States government." *Burch*, 551 F.3d at 124 (citing *Pennyfeather v. Tessler*, 431 F.3d 54, 56 (2d Cir. 2005)); *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1447 (9th Cir. 1985) ("The civil remedy provisions of the [Privacy Act] do not apply against private individuals; state agencies; private entities; or state and local officials."(internal citations omitted)). Further,

> [I]n order to maintain a suit for damages under the catch-all provision of 5 U.S.C. § 552a(g)(1)(D) for a violation of the Act's central prohibition against disclosure, § 552a(b), a plaintiff must advance evidence to support a jury's finding of four necessary elements: (1) the information is covered by the Act as a "record" contained in a "system of records"; (2) the agency "disclosed" the information; (3) the disclosure had an "adverse effect" on the plaintiff (an element which separates itself into two components: (a) an adverse effect standing requirement and (b) a causal nexus between the disclosure and the adverse effect); and (4) the disclosure was "willful or intentional."

*Quinn v. Stone*, 978 F.2d 126, 131 (3d Cir. 1992).

Clearly plaintiff has not stated a claim under the Privacy Act. She has not identified a defendant agency, nor has she alleged any of the elements of the offense. As presently stated, the complaint alleges that the labor union, not a federal agency, has "invaded her personal and commercial property." Thus the action is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. However, since plaintiff is proceeding *pro se*, she is afforded an additional thirty days to submit a Second Amended Complaint setting forth her Privacy Act claim.

**IV. Rule 8**

Moreover, the Amended Complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure which states that a complaint must "contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). This rule "does not require 'detailed factual allegations,'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), but a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*; *see also Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 555 U.S. at 557). The amended complaint fails to provide the Court with notice of what claim or claims plaintiff seeks to make or to notify the parties of the claims against them.

**V. Leave To Amend**

As currently stated, plaintiff has not stated a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), nor satisfied the dictates of Fed. R. Civ. P. 8. However, in light of

plaintiff's *pro se* status, *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000); *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999); *see also Iwachiw v. Gen. Elec. Corp.*, No. 99-CV-3668, 2000 WL 381977, at *2-3 (E.D.N.Y. Feb. 22, 2000), and in an abundance of caution, plaintiff is afforded thirty days to amend her complaint in order to state a claim on which relief may be granted under the Privacy Act and to comply with the dictates of Rule 8. *See* Fed. R. Civ. P. 15(a); *see, e.g.*, *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the [*pro se*] complaint gives any indication that a valid claim might be stated.") (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

**VI. Conclusion**

Plaintiff is afforded thirty days leave to file a Second Amended Complaint. Plaintiff must provide facts giving rise to her Privacy Act claim(s) against proper defendants. Plaintiff is reminded to connect any defendant named in the caption with the facts contained in the complaint and not to name defendants against whom she has made no claim. The Second Amended Complaint shall be submitted to the court within thirty days of the date of this Order and contain the same docket number as this Order. The Second Amended Complaint will completely replace both the complaint and the amended complaint.

No summons shall issue at this time and all further proceedings are stayed for thirty days for plaintiff to comply with this Order. If plaintiff fails to comply with this Order within the time allowed, the action shall be dismissed for failure to state a claim on which relief may be granted and judgment shall enter. Once submitted, the Second Amended Complaint will be reviewed for compliance with this Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B). The Court

certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/

Carol Bagley Amon
United States District Judge

Dated: Brooklyn, New York
September 23, 2009