UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

DANIELLE BITON,

                Plaintiff,

-against-   MEMORANDUM
     AND ORDER
UNITED AIRLINES, AFA-AFL/CIO;   09-CV-02831 (CBA)
FIDELITY INSURANCE; INTERNAL
REVENUE SERVICE; DEPARTMENT OF
JUSTICE, ET AL.,

                Defendants.
---------------------------------------------------------X
AMON, United States District Judge:

On June 26, 2009, plaintiff filed this *in forma pauperis* action *pro se*. By Orders dated August 21, 2009 and September 23, 2009, plaintiff received two separate opportunities to amend her complaint. On October 13, 2009, plaintiff submitted a timely Second Amended Complaint in response to this Court's September 23, 2009 Order. For the reasons set forth below, the action is dismissed.

After conducting a complete and liberal review of plaintiff's initial complaint, as required, *see Sharpe v. Conole*, 386 F.3d 482, 484 (2d Cir 2004) ("we construe [a *pro se* complaint] broadly and interpret it to raise the strongest arguments it suggests"), the Court was left with no understanding of any of plaintiff's claims and saw no basis for subject matter jurisdiction. Plaintiff, proceeding *pro se*, was accordingly afforded thirty days to amend her complaint to provide a basis for this Court's subject matter jurisdiction and to provide notice of the claims as required under Fed. R. Civ. P. 8.

In her amended complaint, submitted September 11, 2009, plaintiff named nearly fifty new

1

defendants, alleging violations of the Privacy Act, 5 U.S.C. § 552a. Plaintiff's amended complaint failed to state a claim under the Privacy Act, and did not satisfy the requirements of Fed. R. Civ. P. 8. However, in an abundance of caution, the Court afforded an additional opportunity for plaintiff to set forth her claim under the Privacy Act by Order dated September 23, 2009. Plaintiff's Second Amended Complaint does not set forth a claim under the Privacy Act, in fact, it does not mention the Privacy Act or allege facts that could be construed as attempting to set forth a claim under that Act.

In the Second Amended Complaint, plaintiff again fails to allege a basis for the exercise of this Court's jurisdiction and the Court. Despite a liberal interpretation of the Second Amended Complaint, the court cannot discern any such basis. Accordingly, the action is dismissed for lack of subject matter jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety); *see also* Fed. R. Civ. P. 12(h)(3).

Moreover, even if the Court had subject matter jurisdiction over the Second Amended Complaint, it would dismiss it as frivolous. An action is deemed frivolous as a matter of law when, *inter alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court finds that the Second Amended Complaint is irrational and therefore frivolous. 28 U.S.C. § 1915(e)(2)(B)(i) (a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "frivolous or malicious.").

**Conclusion**

Accordingly, the action is dismissed for lack of subject matter jurisdiction pursuant to Fed.

R. Civ. P. 12(h)(3) and further because the Court is satisfied that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
Carol Bagley Amon
United States District Judge

Dated: Brooklyn, New York
October 30, 2009